IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wyte Young, Jr., <br><br> Petitioner, <br><br> vs. <br><br> Dora B. Schriro, et al., <br><br> Respondents. | No. CV 07-8000-PCT-EHC (MHB) <br><br> **ORDER** |

Petitioner proceeding pro se has filed a Petition for Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Dkt. 1). The matter was referred to Magistrate Judge Michelle H. Burns who has issued a Report and Recommendation recommending that the § 2254 Petition be denied and dismissed with prejudice (Dkt. 28). Petitioner has filed an Objection (Dkt. 31) to the Report and Recommendation.

Standard of Review

The district court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003); Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v.

Arn, 474 U.S. 140, 149 (1985)(determining that district courts are not required to review any issue that is not the subject of an objection).

## Discussion

In 1998, Petitioner was convicted by a jury in Navajo County Superior Court of two counts of burglary, one count of kidnapping, three counts of aggravated assault, one count of assault, and one count of influencing a witness. The charges stemmed from indictments in two cases that were consolidated for trial (CR 98-208 and CR 98-473). In November 1998, Petitioner was sentenced to aggravated, concurrent prison terms for his felony convictions, the longest of which was 15 years for aggravated assault, and to a six-month concurrent jail sentence on his misdemeanor assault conviction. Petitioner timely appealed and his conviction was affirmed by the Arizona Court of Appeals on October 5, 2000 (Dkt. 18, Exhibit R). The Arizona Supreme Court denied review on or about March 21, 2001 (Dkt. 18, Exhibit T).[1]

Petitioner represented by counsel filed a Petition for Post-Conviction Relief and his claims were denied on the merits by the state trial court on June 5, 2003. The Arizona Court of Appeals summarily denied review on August 5, 2004. Petitioner did not seek review by the Arizona Supreme Court regarding this first state post-conviction proceeding.

On March 1, 2005, Petitioner filed a second Petition for Post-Conviction Relief which the state trial court denied on March 31, 2005. Petitioner sought review in the Arizona Court of Appeals which was denied on July 10, 2006. The Arizona Supreme Court denied Petitioner's petition for review on January 30, 2007.

Petitioner filed his federal habeas petition on April 30, 2007. Petitioner has raised the following eleven grounds for relief:

---

[1]The record shows that the Arizona Supreme Court's action was taken on March 20, 2001. The Notice sent by the Clerk of the Court is dated March 21, 2001 (Dkt. 18, Exhibit T).

1    Claim I: violation of Petitioner's Sixth Amendment right to a jury trial based on the
2 trial court's alleged errors in determining the date his conviction became final and in
3 concluding that Blakely v. Washington, 542 U.S. 296 (2004), did not apply to his conviction;
4    Claim II: ineffective assistance of appellate counsel, in violation of the Sixth
5 Amendment, regarding his first post-conviction proceeding because counsel failed to raise
6 a claim based on Blakely or Apprendi v. New Jersey, 530 U.S. 466 (2000);
7    Claim III: ineffective assistance of appellate counsel, in violation of the Sixth
8 Amendment, based on counsel's failure to petition the Arizona Supreme Court for review of
9 the trial court's dismissal of his first post-conviction proceeding;
10    Claim IV: denial of Petitioner's Sixth Amendment right to confront and cross-examine
11 witnesses when the trial court allegedly allowed hearsay testimony;
12    Claim V: denial of Petitioner's Fifth and Fourteenth Amendment due process rights
13 when the trial court allegedly allowed "the introduction of [other act] evidence that was
14 prejudicial" under the Arizona Rules of Evidence;
15    Claim VI(a): denial of Petitioner's rights to due process and a fair trial based on the
16 trial court's granting of the State's motion to consolidate the two cases (CR 98-473 and CR
17 98-208);
18    Claim VI(b): denial of Petitioner's rights to due process and a fair trial when the State
19 allegedly failed to timely disclose "possible exculpatory evidence;"
20    Claim VII(a): denial of Petitioner's Fourteenth Amendment right to equal protection
21 and Sixth Amendment rights to a fair trial and impartial jury when the state prosecutor
22 allegedly used the State's peremptory challenges to strike five of six Native Americans from
23 the jury;
24    Claim VII(b): denial of Petitioner's Sixth and Fourteenth Amendment rights to a fair
25 and impartial jury based on alleged "discriminatory prosecutorial practices" which tainted
26 the jury selection;

1         Claim VII(c): denial of Petitioner's Sixth Amendment rights to a fair and impartial
2 jury and to a fair trial as a result of conviction by a jury that allegedly did not represent a fair
3 cross-section of the community; and,

4         Claim VIII: denial of Petitioner's Sixth Amendment right to a jury trial and right to
5 due process when the sentencing court allegedly sentenced Petitioner "in excess of the
6 statutory maximum" sentences without a jury determination of aggravating facts.

7         The Magistrate Judge has recommended that Claims II, III, IV, V, VI(a), (b), and
8 VII(a)(second subpart),(b) and (c) are procedurally defaulted and should be dismissed.  It is
9 further recommended that Claims I, VII(a)(first subpart) and VIII fail on their merits and also
10 should be dismissed.

11         In his Objection, Petitioner first argues that Claims IV, V and VI(a) were fairly raised
12 in the state court proceedings and are procedurally exhausted.

13         Regarding Claims IV, V and VI(a), the Magistrate Judge has discussed that Petitioner
14 raised these issues in his appellate brief to the Arizona Court of Appeals but recommends
15 denial of the claims because they were analyzed under state law and procedure.  Petitioner
16 raised Claim IV as a confrontation clause issue in his Petition for Review to the Arizona
17 Supreme Court but presentation of a claim for the first time to an appellate court with
18 discretionary review does not constitute fair presentation.

19         The Court's review of the record reveals that Petitioner presented Claims V and VI(a)
20 to the state courts only on state law grounds (see Dkt. 18, Exhibits O & R). See Shumway
21 v. Payne, 223 F.3d 982, 987-988 (9th Cir. 2000)(claim "fairly presented" to the state courts
22 when the petitioner has alerted the state courts to the fact that petitioner is asserting a claim
23 under the United States Constitution). Petitioner's more in-depth development of the
24 confrontation clause claim in Claim IV for the first time in proceedings before the Arizona
25 Supreme Court  did not exhaust that claim (see Dkt. 18, Exhibits O, R, S  & T).  See Casey
26 v. Moore, 386 F.3d 896, 915-919 (9th Cir. 2004)(petitioner failed to fairly present federal
27 claims where presentation of claim for the first time to an appellate court with discretionary

28

- 4 -

1  review did not constitute fair presentation).  Petitioner's conclusory argument that he fairly
2  presented Claims IV, V and VI(a) in the state court proceedings is rejected.

3  Petitioner next argues in his Objection that, as to Claims I and VIII, retroactive
4  application of Apprendi is a non-issue because Petitioner's case was pending on direct appeal
5  at the time Apprendi was decided.  Petitioner argues that he did not discover the significant
6  change in the law until January 2005 because of limited prison library resources. The
7  Magistrate Judge has recommended that Claims I and VIII were fairly presented to the state
8  courts but fail on their merits because Apprendi/Blakely do not apply retroactively to cases
9  pending on collateral review at the time of decision.

10  The record shows that Petitioner raised Claims I and VIII in his second post-
11  conviction proceeding commenced on March 1, 2005 (Dkt. 18, Exhibits CC, DD, EE, FF,
12  GG & HH). As the Magistrate Judge has recommended, Petitioner's conviction became final
13  90 days after March 21, 2001 when the Arizona Supreme Court denied review of his direct
14  appeal, that is on June 19, 2001 (Dkt. 28 at 10-11), citing Beard v. Banks, 542 U.S. 406, 411
15  (2004). Beard held that state convictions are final for purposes of retroactivity analysis when
16  the availability of direct appeal to the state courts has been exhausted and the time for filing
17  a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.

18  Petitioner was sentenced in November 1998 and direct review of his conviction
19  became final in June 2001. Petitioner did not raise an issue based on Apprendi/Blakely until
20  he filed his second post-conviction proceeding in the state courts in March 2005.  Petitioner
21  could have raised a claim based on Apprendi during the direct review proceedings but he did
22  not.  Petitioner's conviction became final in June 2001 before the decision in Blakely in
23  2004. The Ninth Circuit has held that Blakely does not apply retroactively to a state court
24  conviction.  See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005), petition for cert. filed
25  No. 05-9237 (Nov. 10, 2005).

26  Petitioner argued in his second post-conviction proceedings filed in the state trial court
27  that he had been sentenced "beyond the presumptive term" as to each count of conviction

28  - 5 -

1  (Dkt. 18, Exhibit BB at 1). Petitioner further argued that "[b]ecause the issue today amounts
2  to fundamental error this issue may be raised for the first time on appeal" (id., at 4).  In his
3  Petition for Review filed in the Arizona Court of Appeals, Petitioner argued that the trial
4  judge sentenced him "beyond the jury's verdict" to an "unsupported aggravated term of 15
5  years" rather than "the presumptive term of 7.5 years" (Dkt. 18, Exhibit EE at 2 & 5).  In
6  Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact
7  that increases the penalty for a crime beyond the prescribed statutory maximum must be
8  submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  Apprendi did
9  not address the effect of a judicial determination of aggravating factors.

10  Petitioner did not argue in his second post-conviction proceedings filed in the state
11 courts that inadequacies in the prison law library prevented him from raising the issue earlier.
12 Petitioner's pleadings in the second post-conviction proceedings contain citations to case law
13 and Arizona statutes and rules of criminal procedure.  Allegations of ignorance of the law do
14 not excuse the delay in raising the claim.  See, e.g., Hughes v. Idaho State Bd. of Corrections,
15 800 F.2d 905, 909 (9th Cir. 1986)(pro se prisoner's lack of knowledge of law unfortunate but
16 insufficient to establish cause).

17  As for the third part of his Objection regarding Claim VII(a), Petitioner argues that
18 he presented a prima facie showing that the prosecutor exercised peremptory challenges on
19 the basis of race and that the prosecutor's attempt to articulate a race-neutral explanation was
20 implausible.  The record of the state court proceedings shows that the prosecutor gave race-
21 neutral explanations for the peremptory strikes (Dkt. 18, Exhibits R). Petitioner in his
22 Objection has not argued facts that show purposeful discrimination in the jury selection
23 process.

24  Petitioner's Objection (Dkt. 31) is overruled.  The Court adopts in full the Report and
25 Recommendation of the Magistrate Judge.

26  Accordingly,

27  **IT IS ORDERED** that Petitioners's Objection (Dkt. 31) is overruled.

28

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 28) is adopted in full.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1) is denied and dismissed with prejudice.

DATED this 23rd day of June, 2008.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge